UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------X

PAUL TCHERNITSKY, a/k/a,
PAWEL CZERNICKI,

               Plaintiff,

-against-

COMP USA,

               Defendant.

------------------------------------------------------X

MEMORANDUM
AND ORDER
05-CV-2031 (JG)

JOHN GLEESON, United States District Judge:

Plaintiff files the present action *pro se* seeking damages for defendant's failure to honor a service contract for a computer plaintiff purchased from defendant. Plaintiff paid the filing fee to commence this action. The Court directs plaintiff to submit an amended complaint within thirty days of the date of this Order as detailed below.

A.     **Background**

Plaintiff purchased the computer from defendant on April 25, 2002. Comp. at ¶ 5. While he does not state the amount he paid for the computer, he alleges that he paid an additional $200.00 for a two-year service contract which guaranteed "through warranty a replacement of any of the covered system components purchased, a replacement of 'equal or similar features, specifications, and functionality.'" Id. at ¶ 6. Plaintiff sought repairs for the unit three times in 2003. Comp. at ¶ 7-9. In 2004, the computer was again returned for servicing. Id. at ¶ 10.

1

Apparently, the computer needed to be replaced. Plaintiff alleges that instead of a replacement computer of "equal or similar" features, he received an inferior computer as a replacement. Id. He now brings this action for breach of warranty and contract, alleging that defendant failed to honor the terms of the warranty on his computer by failing to repair and/or replace the computer or its parts with "equal or similar features, specifications, and functionality." Id. at ¶ 6.

## B.  Subject Matter Jurisdiction

The subject matter jurisdiction of the federal courts is limited. Federal jurisdiction is available only when a "federal question" is presented (28 U.S.C. § 1331), or plaintiff and defendant are of diverse citizenship and the amount in controversy exceeds $75,000 (28 U.S.C. § 1332). The amount in controversy must be non-speculative in order to satisfy the statute. See Chase Manhattan Bank, N.A. v. American Nat. Bank and Trust Co. Of Chicago, 93 F.3d 1064 (2d Cir. 1996) (party invoking diversity jurisdiction has the burden of proving that the claim meets jurisdictional amount); Tongkook America, Inc. v. Shipton Sportswear Co., 14 F.3d 781 (2d Cir. 1994) (subject matter jurisdiction does not exist when plaintiff could not recover amount required for diversity jurisdiction); Brown v. Bodak, 188 F. Supp. 532 (S.D.N.Y. 1960) (purpose of jurisdictional amount would be largely negated if plaintiff could satisfy it by alleging an excess in damages).

"The absence of [subject matter] jurisdiction is non-waivable; before deciding any case we are required to assure ourselves that the case is properly within our subject matter jurisdiction." Wynn v. AC Rochester, 273 F.3d 153, 157 (2d Cir. 2001); Fed. R. Civ. P. 12 (h)(3). . "[I]n our federal system of limited jurisdiction any party or the court *sua sponte*,

at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction." United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc., 30 F.3d 298 (2d Cir. 1994) (quoting Manway Constr. Co. Inc. v. Housing Auth. of City of Hartford, 711 F.2d 501, 503 (2d Cir. 1983)). Moreover, "[w]here jurisdiction is lacking . . . dismissal is mandatory." Id.; see also Fed. R. Civ. P. 12 (h)(3).

According this *pro se* complaint the close and sympathetic reading to which it is entitled, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), there appears to be no basis for the exercise of this Court's jurisdiction. While plaintiff invokes the jurisdiction of the Court pursuant to 28 U.S.C. § 1346, United States, this is not an action against the United States, but an action against a private corporation whose name includes the acronym "USA."[1] Plaintiff has presented no federal question, but attempts to invoke the diversity jurisdiction of this Court. He states that he is a resident of New York and defendant is headquartered in Texas. Complaint at ¶ 1. He states that the he is suing for damages "in excess of $50,00,"[2] "$10,000 in compensatory damages," "$50,000 for Breach of Contract," "$200,000" for the violation of consumer protection laws and "$500,000 in punitive damages." Id. at ¶ 3, 24-26.

---

[1] CompUSA, Inc. is a retailer and reseller of technology products and services. See http://www.compusa.com/about/default.asp (CompUSA currently operates 229 CompUSA superstores in over 90 major metropolitan markets across the United States and Puerto Rico that serve retail, small-to-medium businesses, corporate, government and education customers and includes technical service departments).

[2] The amount in controversy requirement under 28 U.S.C. § 1332 was increased from $50,000 to $75,000, effective January 17, 1997.

C.  **Leave To Amend**

Since the non-speculative amount in controversy does not meet the requisite jurisdictional amount, it appears that this action does not belong in federal court. The cost of the computer is certainly below the $75,000 jurisdictional threshold. Efereyan v. Gateway 2000, Inc, No. 97-CV-481(FB), 1998 WL 175887, *2 (E.D.N.Y. Apr. 13, 1998) (breach of contract action for failure to deliver a computer costing $4,722.95 in accordance with the parties' agreement dismissed for failure to satisfy jurisdictional amount). The other amounts which plaintiff seeks are purely speculative. However, "before determining that the amount in controversy requirement has not been met, 'the court must afford the plaintiff an appropriate and reasonable opportunity to show good faith in believing that a recovery in excess of [$75,000] is reasonably possible.' " Chase Manhattan Bank, 93 F.3d at 1070 (quoting A.F.A. Tours, Inc. v. Whitchurch, 937 F.2d 82, 88 (2d Cir. 1991)) (other internal quotations omitted).

**Conclusion**

Accordingly, the Court affords plaintiff thirty days to file an amended complaint setting forth the good faith basis for recovery of an excess of $75,000. The amended complaint must be submitted to the Court within thirty days of the date of this Order, be captioned as an "AMENDED COMPLAINT" and bear the same docket number as this Order. No summons shall issue at this time and all further proceedings shall be stayed for thirty days for plaintiff to comply with this Order. If plaintiff fails to comply with this Order within the time allowed, the complaint shall be dismissed for lack of subject matter jurisdiction. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and

therefore *in forma pauperis* status is denied for purpose of an appeal. <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

s/John Gleeson
JOHN GLEESON, U.S.D.J.

Dated: Brooklyn, New York
       May 2, 2005